UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>PETER G. LOPES,<br><br>Debtor. | Chapter 7<br>Case No. 06-14168 (FJB) |
|---|---|

## CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (A) APPROVING PROPOSED NOTICE OF SALE; AND (B) AUTHORIZING PRIVATE SALE OF CERTAIN ENGINEERING PLANS OF THE DEBTOR, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES ASSERTED BY ANY PARTY

Joseph Braunstein, the Chapter 7 Trustee (the "**Trustee**") of Peter G. Lopes (the "**Debtor**"), hereby requests this Court's authority, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 6004 and MLBR 6004-1, to sell, assign and transfer by private sale (the "**Sale**") all of the right, title and interest in and to certain engineering plans prepared by Apple Associates, Inc., a civil engineering firm, ("**Apple**") on behalf of the Debtor and all rights incidental thereto (collectively, the "**Plans**") held by the Debtor's bankruptcy estate (the "**Estate**"). The proposed sale of the Plans is to Howard and Norma Schmidt (the "**Offerors**") for the purchase price of $10,000.00. The Trustee has accepted the offer from the Offerors, subject to counteroffers as provided by the Local Rules of this Court and this Court's approval. The sale of the Plans, together with all of the Estate's rights in connection therewith, shall be free and clear of all liens, claims, interests and encumbrances with any such interest in the Plans, when established, attaching to the proceeds realized from the sale of the Plans, subject, if necessary, to a determination by this Court as to the priority, validity, and amount of such interest. A copy of the proposed *Chapter 7 Trustee's Notice of Intended Private Sale of Estate Property; Solicitation of Counteroffers; Objection and Counteroffer Deadline; and Hearing Date* (the "**Notice of**

**Sale**") is attached hereto as Exhibit A. In further support of this Motion, the Trustee represents as follows:

## Background

1. On November 9, 2006, the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code. On November 17, 2008, the Debtor's case was converted to a case under Chapter 7, and the Trustee was appointed on November 18, 2008.

2. Upon information and belief, the Debtor was the owner of the certain real property known and numbered as 54 Haverhill Street, Rowley, Massachusetts (the "**Real Property**"), which was comprised of one (1) lot on which the Debtor's home had been situated.

3. Upon information and belief, Apple performed services for the benefit of the Debtor during the prepetition period in connection with the Debtor's attempts to subdivide the Property into additional building lots.

4. On August 3, 2007, and while the case was a pending Chapter 13, an amended motion was filed by the Debtor seeking an Order allowing him to incur debt in favor of Apple, which debt he sought to secure by a super priority lien against the Real Property in the amount of $26,976.00 (the "**Motion to Incur Debt**"). On August 16, 2007, the Motion to Incur Debt was allowed by the court, and Apple thereafter had a super priority lien on the Real Property in the amount of $26,976.00 (the "**Apple Lien**"). The Apple Lien has been satisfied and Apple has turned over to the Trustee a box of engineering plans.

5. The Trustee has received $10,000.00 from the Offerors for the Plans, together with all of the Estate's rights in connection therewith (the "**Offer**"). The Trustee agrees to refund the $10,000.00 payment in full to the Offerors in the event that this Court does not enter an order approving the relief requested herein.

## Relief Requested

6. Pursuant to 11 U.S.C. § 363, a trustee is authorized to sell property of the estate after notice and a hearing. It also provides that the trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate if (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest, (b) such entity consents, (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (d) such interest is in bona fide dispute, or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

7. The Trustee seeks to sell the Plans, together with all of the Estate's rights in connection therewith, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f). To the extent valid liens, claims, interests or encumbrances exist, the Trustee proposes that they attach to the sale proceeds in the same order and priority as they encumber the Plans subject, if necessary, to later determination by this Court of the validity, extent and perfection of such interest. Any monies that may be due and owing regarding any such liens will not be the responsibility of the successful purchaser. The Plans, together with all of the Estate's rights in connection therewith, shall be sold "as is" and "where is," and without any representations or warranties and specifically without any transferee liability.

8. The Trustee does not believe that the Plans are encumbered. The Plans are not exempt under any state or federal law.

9. As required by the Local Rules of this Court, the Trustee intends to solicit counteroffers only from all parties-in-interest. All counteroffers must be equal to at least $10,500.00, which is five hundred dollars ($500.00) greater than the offer submitted by the

3

Offerors. All counteroffers must be delivered to the Trustee, accompanied by full payment of the counteroffer amount, in the form of a certified or bank check made payable to "Joseph Braunstein, Chapter 7 Trustee of Peter G. Lopes, Chapter 7 Case No. 06-14168 (FJB)." As more particularly described in the Notice of Sale, the payment will be fully refundable if Court approval of this Motion is not obtained.

10. Given that the Plans are unique to the Real Property and the fact that the pool of potential purchasers would likely be limited to the owners of the Real Property (the Offerors), the Trustee believes, in his business judgment, that a private sale, as opposed to a public auction, is in the best interests of the Estate and its creditors. The Trustee believes he can successfully maximize the benefit to the Estate through a private sale subject to counteroffers. The Trustee proposes to serve the Notice of Sale on all creditors and parties-in-interest with copies of this Motion available upon request to the Trustee or his counsel.

11. All reasonable and necessary administrative costs and expenses in connection with the Sale, including, but not limited to, compensation and reimbursement of expenses for the Trustee and his counsel will be deducted from the proceeds generated from the Sale prior to the payment of any established liens or interests.

12. The Trustee believes that the Offer for the Plans, together with all of the Estate's rights in connection therewith, is fair and reasonable given its unique nature and the likely lack of interest from any party other than the Offerors. If the Offerors were not able to acquire the Plans from the Estate, then they would be required to expend time and money, likely in excess of the Offer, to have another engineering firm duplicate the Plans.

13. Moreover, the Estate will benefit from the relief requested in this Motion in that the Trustee intends to use the proceeds generated hereby to complete engineering work on a

vacant lot of land owned by the Estate (the "**Ipswich Lot**") to increase its value of the Ipswich Lot and market it for sale. Title to the Ipswich Lot is held by the Debtor and his spouse as tenants by the entirety. The Debtor's spouse has agreed to join with the Trustee to market and sell the Ipswich Lot at an increased value. Accordingly, the Trustee believes that the relief requested herein is in the best interests of the Estate and should be approved.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit B and in accordance with the terms outlined herein, (a) authorizing the Trustee to sell, assign and transfer the Plans, together with all of the Estate's rights in connection therewith, by private sale to the Offerors, subject to counteroffers, free and clear of all liens, claims, interests and encumbrances with any and all such interests in the Plans, if any, attaching to the proceeds of the sale subject to later determination by this Court, and (b) granting such other and further relief as this Court deems just and proper.

JOSEPH BRAUNSTEIN, CHAPTER 7
TRUSTEE OF THE ESTATE OF
PETER G. LOPES,

By his attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: October 26, 2010

*/s/ Kristin M. McDonough*
Joseph Braunstein (BBO #054680)
Kristin M. McDonough (BBO #637899)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
kmcdonough@riemerlaw.com

5

EXHIBIT A
(Notice of Sale)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PETER G. LOPES,<br><br>Debtor. | Chapter 7<br>Case No. 06-14168 (FJB) |

**CHAPTER 7 TRUSTEE'S NOTICE OF INTENDED PRIVATE SALE OF ESTATE PROPERTY; SOLICIATION OF COUNTEROFFERS; <u>OBJECTION AND COUNTEROFFER DEADLINE; AND HEARING DATE</u>**

TO ALL CREDITORS, PARTIES-IN-INTEREST AND PROSPECTIVE/INTERESTED PURCHASERS:

Notice is hereby given that, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, Joseph Braunstein, the duly appointed and acting Chapter 7 Trustee (the "**Trustee**") of Peter G. Lopes (the "**Debtor**"), intends to sell assign and transfer, at a private sale, all of the right, title and interest in and to certain engineering plans prepared by Apple Associates, Inc., a civil engineering firm, ("**Apple**") on behalf of the Debtor and all rights incidental thereto (collectively, the "**Plans**") held by the Debtor's bankruptcy estate (the "**Estate**") <u>free of all liens, claims and encumbrances</u> **and hereby solicits counteroffers for the purchase of the Plans**. The terms of the proposed sale are more fully described in the *Chapter 7 Trustee's Motion for Order: (A) Approving Proposed Notice of Sale; and (B) Authorizing Private Sale of Certain Engineering Plans, Free and Clear of All Liens, Claims, Interests and Encumbrances Asserted by Any Party* (the "**Sale Motion**"), which was filed with the United States Bankruptcy Court for the District of Massachusetts, Eastern Division (the "**Bankruptcy Court**") on October 26, 2010. Copies of the Sale Motion and related documents are available upon request to the undersigned.

## PRESENT OFFER

Howard and Norma Schmidt (the "**Offerors**") have paid the Trustee $10,000.00 in cash for the Plans, together with all of the Estate's rights in connection therewith.

## INFORMATION FOR POTENTIAL COUNTEROFFERORS

The Plans, together with all of the Estate's rights in connection therewith, will be sold free and clear of all liens, claims, interests and encumbrances. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law and any monies that may be due and owing regarding any such liens will not be the responsibility of the successful purchaser.

**Through this Notice, counteroffers for the Plans are hereby solicited**. All counteroffers must be filed with the Clerk of the United States Bankruptcy Court, John. W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945 and delivered to the Trustee at the address shown below by on or before _____, **2010 at \_\_\_:\_\_\_\_\_.m.** All counteroffers must be delivered to the Trustee, accompanied by full payment of the counteroffer amount, in the form of a certified or bank check made payable to "Joseph Braunstein, Chapter 7 Trustee of Peter G. Lopes, Chapter 7 Case No. 06-14168 (FJB)." All payment will be fully refundable only if Court approval of this Motion is not obtained. Upon entry of an order approving the Sale Motion, then the Trustee will return all counteroffers.

Any objections to the sale must be filed in writing with the Clerk of the United States Bankruptcy Court, John. W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945 on or before _____, **2010 at \_\_\_:\_\_\_\_.m.** Copies of any objections must also be served upon the Trustee at the address shown below. Any objection to the sale must state with particularity the grounds for the objection and why the

2

intended sale should not authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

A hearing on the Sale Motion, and/or counteroffers is scheduled to take place on _____, 2010 at \_\_\_\_:_____ .**m.** (the "**Hearing**") before the Honorable Frank J. Bailey, United States Bankruptcy Judge, Courtroom 3, United States Bankruptcy Court, John. W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945. Any party who has filed an objection and/or counteroffer is expected to be present at the Hearing, (or make such other arrangements acceptable to the Trustee regarding any counteroffer), failing which any objection will be overruled and the counteroffer stricken.

At the Hearing on the sale the Bankruptcy Court may (1) determine further terms and conditions of the sale, and (2) determine the requirements for further competitive bidding, which the Trustee recommends will be determined by sealed bids from the Offerors and any other qualifying counterofferor. The Trustee, in his business judgment, will recommend to the Bankruptcy Court the highest and best offer for the Estate.

The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the Sale Motion. Any questions concerning the intended sale shall be directed to the undersigned.

<table>
<tr><td></td><td>JOSEPH BRAUNSTEIN, CHAPTER 7 TRUSTEE OF THE ESTATE OF PETER G. LOPES,<br><br>By his attorneys,<br>RIEMER & BRAUNSTEIN LLP</td></tr>
<tr><td>Dated: October 26, 2010</td><td>/s/ Kristin M. McDonough<br>Joseph Braunstein (BBO #054680)<br>Kristin M. McDonough (BBO #637899)<br>Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts 02108<br>(617) 523-9000<br>kmcdonough@riemerlaw.com</td></tr>
</table>

EXHIBIT B
(Proposed Order)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PETER G. LOPES,<br><br>Debtor. | Chapter 7<br>Case No. 06-14168 (FJB) |

**ORDER ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (A) APPROVING PROPOSED NOTICE OF SALE; AND (B) AUTHORIZING PRIVATE SALE OF CERTAIN ENGINEERING PLANS OF THE DEBTOR, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES ASSERTED BY ANY PARTY**

This matter having come before this Court upon the *Chapter 7 Trustee's Motion for Order: (A) Approving Proposed Notice of Sale; and (B) Authorizing Private Sale of Certain Engineering Plans, Free and Clear of All Liens, Claims, Interests and Encumbrances Asserted by Any Party* (the "**Sale Motion**"); notice of the Sale Motion and the hearing thereon being appropriate under the circumstances; an original offer having been received in the amount of $10,000.00 and the successful bid in the amount of $_____; no responses or objections having been filed to the Sale Motion; after a hearing pursuant to the Notice of Sale[1]; good cause appearing for approval of the Sale Motion; and this Court finding that the price is fair and reasonable and the sale is in the best interests of the Estate and its creditors, it is hereby

ORDERED:

1. The Sale Motion and Notice of Sale are approved and the sale terms and procedures outline therein are approved.

2. The Trustee is hereby authorized to sell, assign and transfer all of the Estate's

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.

right, title and interest in and to the Plans, together with all of the Estate's rights in connection therewith.

3. The Trustee is hereby authorized to enter into and take any and all actions to effectuate the sale, assignment and transfer of the Plans, together with all of the Estate's rights in connection therewith, as contemplated herein and in the Sale Motion.

4. All parties shall execute any documents necessary to effectuate the sale, assignment and transfer of the Plans, together with all of the Estate's rights in connection therewith, specified in the Sale Motion free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f).

5. The Trustee is authorized to sell, assign and transfer the Plans, together with all of the Estate's rights in connection therewith, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f). To the extent valid liens, claims, interests or encumbrances exist, they shall attach to the sale proceeds in the same order and priority as they encumber the Plans, subject, if necessary, to later determination by this Court of the validity, extent and perfection of such interest.

6. The Plans, together with all of the Estate's rights in connection therewith, shall be sold "as is" and "where as", and without any representations or warranties.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____

_____
Honorable Frank J. Bailey
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In re:<br><br>PETER G. LOPES,<br><br>Debtor. | Chapter 7<br>Case No. 06-14168 (FJB) |
|---|---|

## CERTIFICATE OF SERVICE

I, Kristin M. McDonough, with the law firm of Riemer & Braunstein LLP, hereby certify that on October 26, 2010, I caused to be served a true and correct copy of the **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (A) APPROVING PROPOSED NOTICE OF SALE; AND (B) AUTHORIZING PRIVATE SALE OF CERTAIN ENGINEERING PLANS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES ASSERTED BY ANY PARTY** by first class United States mail, postage pre-paid, or by electronic notification (EN), where indicated, upon the interested parties listed below and on the attached matrix:

United States Trustee
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street, 11th Floor
Boston, MA 02222
USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

Joel Jay Rogge, Esq.
Law Office of Joel Jay Rogge
84 County Road
Ipswich, MA 01938-2356
(978) 356-7040
jjrogge@comcast.net  (EN)

Peter G. Lopes
54 Haverhill Street
Rowley, MA  01969

Richard M. Kallman, Esq.
4 South Main Street
Ipswich, MA  01938

Howard & Norma Schmidt
54 Haverhill Street
Rowley, MA  01969

/s/ *Kristin M. McDonough*
Joseph Braunstein (BBO #054680)
Kristin M. McDonough (BBO #637899)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
kmcdonough@riemerlaw.com

2

AMC Mortgage Services, Inc.
  as loan servicer for Ameriquest Mortgage Company
c/o Anderson Brody Buchalter Nemer
4600 East Shea Boulevard, Suite 201
Phoenix, AZ  85028

Apple Associates, Inc.
19 Central Street
Byfield, MA  01922

Citi Residential Lending, Inc.
P.O. Box 769
Orange, CA  92866-9998

Hartford Fire Insurance Company
  as Subrogee of BME Engineering, Inc.
c/o Cunningham, Machanic
220 North Main Street
Natick, MA  01760

Internal Revenue Service/IRS
Daniel P. Ryan
Special Assistant United States Attorney
10 Causeway Street, Room 401
Boston, MA  02222

Massachusetts Department of Revenue
David Mazzuchelli, Esq.
Litigation Bureau, Bankruptcy Unit
100 Cambridge St., 7th Floor
P.O. Box 9565
Boston, MA  02114

Northeast Corner Realty, Inc.
dba Keller Williams Realty
40 Main Street
Topsfield, MA  01983

Town of Rowley
c/o Jacqueline Vigeant
Treasurer/Collector
P.O. Box 347, 129 Main Street
Rowley, MA  01969

AMC Mortgage Services, Inc.
servicer for Ameriquest Mtg. Company

3

P.O. Box 769
Orange, CA 92866-9998

Ablitt & Charlton, P.C.
92 Montvale Ave., Ste. 2950
Stoneham, MA 02180

Ameriquest Mortgage Company
P.O. Box 11507
Santa Ana, CA 92711

Anna Jaques Hospital
25 Highland Ave.
Newburyport, MA 01950

Apple Associates, Inc.
c/o Jeffrey A. Kitaeff, Esq.
565 Turnpike St., #65
North Andover, MA 01845

B-Line, LLC/Applied Card Bank (fka Cross Country B)
Mail Stop 550
2101 Fourth Ave., Suite 1030
Seattle, WA, 98121

Boston VAMC
150 S. Huntington Ave.
Boston, MA 02130

Contino Electric and Cable, Inc.
1 Donovan Dr.
West Newbury, MA 01985

Cunningham Machanic Cetlin
Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760

Dept of the Treasury, IRS
P.O. Box 9112
Insolvency Group 3 Stop 20800
Boston, MA 02203

Diversified Adjustment Service
600 Coon Rapids Blvd.
Coon Rapids, MN 55433

4

Donald F. Knowles, Inc.
36 Main Street
Rowley, MA 01969

Essex Gas Company
Keyspan Energy Delivery New England
Elisa M. Pugliese, Esq.
175 E. Old Country Rd.
Hicksville, NY 11801

Firstsource Healthcare Advantage
10 Tara Blvd., Ste. 410
Nashua, NH 03062

GC Services Limited Partnership
6330 Gulfton
Houston, TX 77081

Greater Newburyport Emergency
P.O. Box 8473907
Boston, MA 02284

Hartford Fire Insurance Company
C/O Scott L. Machanic, Esq.
220 North Main St.
Natick, MA 01760

Internal Revenue Service
Insolvency Unit Stop 20800
25 New Sudbury St., P. O. Box 9112
Boston, MA 02203

Ipswich Electric Department
222 High Street
Ipswich, MA 01938

Ipswich Water & Sewer Dept.
222 High Street
Ipswich, MA 01938

Jason K. Grotnik
304 High Street
Ipswich, MA 01938

Jones Bolys Insulation
c/o George Ross Sibley, Esq.

5

17 Rocky Neck
Gloucester, MA 01930

KeySpan Energy Delivery
Elisa M. Pugliese, Esq.
175 E. Old Country Road
Hicksville, NY 11801

Keyspan Energy
52 Second Street
Waltham, MA 02451

Massachusetts Department Of Revenue
Bankruptcy Unit, Litigation Bureau
P. O. Box 9564
Boston, MA 02214

National Grid
42 Second St.
Waltham, MA 02451

Newbury Fire Department
C/o Comstar Ambulance Billing Svc.
8 Turcotte Memorial Dr.
Rowley, MA 01969

Peter G. Lopes
dba American Building Co.
304 High Street
Ipswich, MA 01938

Premier Insurance Company
Jay L. Seibert
10 Maple St., Ste. 201-203
Middleton, MA 01949

Robert Simone
C/O Scott C. Garrant, Esq.
4 Avon St.
Wakefield, MA 01880

Roberta, Janet, & Judith Eames
C/O Michael V. Parras, Jr.
1 Gateway Center
Newton, MA 02458

Rowley Water & Sewer Dept.
401 Central Street
Rowley, MA 01969

Silva Bros.
10 Cleveland Pl.
Gloucester, MA 01930

Sprint PCS
7 Skyline Dr., 3rd Fl.
Hawthorne, NY 10532

Sprint PCS
900 Merchants Concourse
Westbury, NY 11590

Thomas F. Francis
(Safety Insurance Co.)
Seven Liberty Sq.
Boston, MA 02109

Town Collector-Rowley
P.O. Box 347
Rowley, MA 01969

Wire for Hire
24 Hawthorne St.
P.O. Box 8291
Salem, MA 01971

1210457.1

7